THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Barbara Wright, Appellant.
 
 
 
 
 

Appeal From Greenville County
Lee S. Alford, Circuit Court Judge

Unpublished Opinion No.  2010-UP-571  
 Submitted December 1, 2010  Filed
December 31, 2010

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster,
 Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney
 General Salley W. Elliott, and Senior Assistant Attorney General Norman Mark
 Rapoport, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for
 Respondent.
 
 
 

PER CURIAM:  Barbara
 Wright appeals her conviction for filing a false police report, arguing the
 trial court erred by (1) including in the jury instructions the statement that
 armed robbery is a felony and (2) denying her motion for a directed verdict.  We
 affirm.[1]
1. Wright argues the
 trial court erred by including in the jury instructions a statement that armed
 robbery is a felony because, by doing so, the trial court violated the South Carolina
 Constitution.  We disagree.  Article V, section 21 of the South Carolina
 Constitution states, "Judges shall not charge juries in respect to matters
 of fact, but shall declare the law."  Armed robbery's status as a felony
 is a matter of law rather than fact.  Accordingly, the trial court properly instructed the jury on that issue.
2. Wright next argues the trial court erred in denying
 her motion for a directed verdict because the State failed to produce evidence
 armed robbery was a felony to sustain the offense of filing a false police
 report.  We disagree.  A reviewing court must uphold the denial of a directed
 verdict where "there is any direct evidence or any substantial
 circumstantial evidence reasonably tending to prove the guilt of the
 accused . . . ."  State v. Weston, 367 S.C.
 279, 292-93, 625 S.E.2d 641, 648 (2006).  The reviewing court views the
 evidence and all reasonable inferences in the light most favorable to the state.  Id. at 292, 625 S.E.2d at 648.  Section 16-17-722(A) of the South Carolina
 Code (2003) provides, "It is unlawful for a
 person to knowingly file a false police report," and subsection
 16-17-722(B) provides, "A person who violates subsection (A) by falsely
 reporting a felony is guilty of a felony and upon conviction must be imprisoned
 for not more than five years or fined not more than one thousand dollars, or
 both."  The armed robbery statute of the South Carolina Code states,
 "A person who commits robbery while armed with a . . . deadly
 weapon . . . is guilty of a felony . . . ."  S.C.
 Code. Ann. § 16-11-330(A) (2003).
Here, the State presented testimony that Wright reported a
 man robbed the store with a knife and signed a statement saying she lied that a
 robbery occurred.  Therefore, the State presented sufficient evidence to
 sustain the offense of filing a false police report, and the trial court
 properly denied Wright's motion for a directed verdict. 
AFFIRMED.
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.